# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

SHERRI REID,                              )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )        Case No.  2:14-cv-04295-MDH
                                          )
CAROLYN W. COLVIN,                        )
                                          )
                    Defendant.            )

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for

Supplemental Security Income (SSI) under Title XVI of the Social Security Act ("Act"), 42

U.S.C. §§ 1381 *et seq.*  Plaintiff has exhausted her administrative remedies and the matter is now

ripe for judicial review.  After carefully reviewing the files and records, the Court finds the

decision of the Commissioner is supported by substantial evidence in the record as a whole and

the decision is therefore **AFFIRMED**.

## BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the

parties' briefs, so they are not repeated here.  To summarize, this case involves a 42-year old

woman who applied for SSI benefits due to alleged back problems, chronic obstructive

pulmonary disease, asthma, and headaches.  The ALJ found Plaintiff suffered from severe

impairments including degenerative disc disease of the lumbar spine, degenerative disc disease

of the cervical spine, ankle tenosynovitis, migraine headaches, chronic obstructive pulmonary

disease and asthma, depressive disorder, generalized anxiety disorder, and pain disorder.  After

determining Plaintiff did not meet a listed impairment, the ALJ determined that Plaintiff retained

1

the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 416.967(c) with the following limitations:

> [S]he is limited to occasionally lifting and/or carrying 15 pounds, and frequently lifting and/or carrying 10 pounds; she is limited to standing and/or walking 4 hours in an 8 hour workday, for 30 minutes at a time; to sitting 4 hours daily, for 1 hour at a time; and to occasional pushing and/or pulling, occasionally climbing, balancing, stooping, kneeling, crouching, and crawling. She should avoid dust, fumes, or working around hazardous unprotected moving machinery, or unprotected heights. She should avoid extreme temperature, weather, wetness, humidity, or vibration. Further, she must avoid high stress work, such as work requiring a fast pace, or requiring the person to meet frequent or unusual changes in the work setting. She may have difficulty sustaining a high level of concentration such as sustaining attention to detail, but is able to sustain a simple routine or simple repetitive tasks. She should not have to interact personally with the public, or work with close personal interaction with co-workers or supervisors.

The ALJ determined Plaintiff could perform jobs that existed in significant numbers in the national economy, including representative occupations of Final Assembler and Table Worker, and the ALJ concluded Plaintiff was not disabled. Plaintiff argues on appeal the ALJ's RFC is not supported by substantial evidence in the record as a whole.

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese*

*v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)). Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007).

## DISCUSSION

After full review of the records and briefs, the Court finds the assessed RFC was within the available "zone of choice" and substantial evidence in the record as a whole supports the Commissioner's findings.

*First*, the ALJ sufficiently addressed Plaintiff's migraine headaches. The ALJ discussed Plaintiff's headaches, including reference to Plaintiff's testimony, treatment notes from Dr. Bennett, Plaintiff's improvement with medication, and Plaintiff's daily activities. Tr. 19-20. The ALJ found Plaintiff's headache symptoms were not as severe as alleged because they were noted to be intermittent, they were not always characterized as migraines, Plaintiff was prescribed no migraine medication at the time of the hearing, and Plaintiff recently reported her headaches were "much better" on an increased dose of Neurontin, her general pain medication.[1] The ALJ further weighed the medical opinions of record concerning Plaintiff's physical and

---

[1] Plaintiff argues the ALJ mischaracterized the evidence. The record shows that Plaintiff reported headaches to her chiropractor as early as 2004 (Tr. 396). Between 2009 and 2013, Plaintiff fairly consistently reported headaches to her chiropractor and physician, which were sometimes reported as daily (9/19/09, 3/8/11, 2/4/13), sometimes reported as occasional (11/10/09, 2/28/11), and sometimes not reported for gaps of time (4/23/10 to 8/6/10, 8/6/10 to 2/28/11, 12/19/11 to 7/18/12, 7/18/12 to 2/4/13). The headaches were noted as "headaches" rather than "migraines" in the medical records until approximately 2013. Despite Plaintiff's allegedly disabling headache symptoms, the records reflect that Plaintiff was never prescribed migraine medication, only an increased dose of Neurontin, her general pain medication, which was shown effective to reduce her headaches (Tr. 615, 666, 664). The record further shows that Plaintiff never saw a neurologist and refused a CT scan. Based on the foregoing, the Court cannot say the ALJ necessarily mischaracterized the medical evidence.

3

mental work-related limitations, including any proposed limitations related to her headaches.  Tr. 20-21.[2]  The ALJ concluded Plaintiff's "statements concerning the intensity, persistence, and limiting effects of her symptoms are not entirely credible" and included only those limitations in the RFC that he found were supported by the evidence in the record as a whole and the opinions of Dr. Zeimet, Dr. Van Pelt, and Dr. Bowles.  Tr. 21.  In this case, the Court finds there is a sufficient and logical bridge connecting the evidence and the RFC such that the "narrative discussion" requirements of SSR 96-8P are satisfied.  *See generally Davis v. Colvin*, No. 3:14-CV-05075-MDH, 2015 WL 1964791, at *5-6 (W.D. Mo. May 1, 2015) (collecting cases) ("SSR 96–8P does not require an ALJ to list each RFC limitation followed by the specific evidence that supports it; such a requirement would undermine the 'all relevant evidence' standard and would result in duplicative discussions of the same evidence."); *see, e.g., Karleskint v. Colvin*, No. 12-03281-CV-S-DGK, 2013 WL 2241948, at *5 (W.D. Mo. May 21, 2013) (citing *Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003)).

*Second*, the physical RFC rendered by the ALJ is within the available zone of choice. Plaintiff argues the ALJ erred because he gave the opinion of Dr. Bennett, Plaintiff's treating physician, little weight in terms of physical RFC, but the physical limitations contained in the RFC mirror those cited by Dr. Bennett, meanwhile the ALG gave the opinion of Dr. Zeimet, a consultative examiner, significant weight in terms of physical RFC, yet the adopted limitations

---

[2] Plaintiff argues there was no opinion evidence in this case specifically addressing the impact of Plaintiff's headaches on her ability to function.  The Court cannot agree.  Although there is no medical opinion addressing Plaintiff's migraine-related limitations alone, there are medical opinions in the record that address Plaintiff's physical and mental limitations posed by the sum of her impairments, including her headaches/migraines.  For example, Dr. Zeimet rendered a physical functional assessment considering Plaintiff's daily headaches (Ex. 22F) and Dr. Van Pelt and Dr. Barton rendered mental functional assessments considering Plaintiff's headaches (Ex. 10F, 13F).  Additionally, Dr. Bennett, Plaintiff's treating physician, rendered an MSS-physical and MSS-mental on behalf of Plaintiff, which presumably took into account all of her impairments, including her reported headaches (Ex. 9F).  Although these opinions were a few years old at the time of the second hearing, there was supplemental medical evidence submitted and relied on by the ALJ and the ALJ's RFC was within the available zone of choice.

4

fail to include certain limitations cited by Dr. Zeimet. The Court notes that "the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians" in rendering RFC. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011); *Cox v. Astrue*, 495 F.3d 614, 619-20 (8th Cir. 2007). Moreover, any error in including the limitations cited by Dr. Bennett as opposed to the limitations cited by Dr. Zeimet was harmless because the ALJ's adopted limitations, which tend to mirror those cited by Dr. Bennett, were more restrictive than those cited by Dr. Zeimet[3] and because the VE testified that a hypothetical individual with the adopted limitations and a hypothetical individual with the limitations cited by Dr. Zeimet could perform the same jobs (Tr. 89-93). *See Pearson v. Astrue*, No. 8:11CV83, 2011 WL 5142730, at *8 (D. Neb. Oct. 28, 2011) (citing *McAnally v. Astrue*, 241 Fed. Appx. 515, 519 (10th Cir. 2007) (concluding ALJ's failure to include certain limitations in RFC was harmless where vocational expert testified that such limitations would not change the result)). Plaintiff argues the ALJ's reliance on either opinion was misplaced because the opinions were 3.5 and 4 years old at the time of the second hearing and because Plaintiff's condition had since deteriorated. The Court rejects that argument. The ALJ need not rely on any physician's opinion in rendering RFC, the record shows the ALJ conducted an independent

---

[3]

|  | Zeimet (Ex. 22F) | Bennett (Ex. 9F) | ALJ |
|---|---|---|---|
| Lift | 20 pounds occasionally/ 10 pounds frequently | 15 pounds occasionally/ 10 pounds frequently | 15 pounds occasionally / 10 pounds frequently |
| Carry | 20 pounds occasionally | 15 pounds occasionally/ 10 pounds frequently | 15 pounds occasionally / 10 pounds frequently |
| Sitting | 2 hrs at a time / 8 total | 1 hrs at a time / 4 total | 1 hrs at a time / 4 total |
| Standing/Walking | 1 hr at a time / 3 total | 30 mins at time / 4 total | 30 mins at time / 4 total |
| Reaching | Frequently | Frequently |  |
| Handling, Fingering, Feeling | Continuously | Frequently |  |
| Push/Pull | Continuously | Limited (occasionally) | Occasionally |
| Foot Pedals | Frequently | Limited |  |
| Climb | Never | Occasionally | Occasionally |
| Balance, stoop, kneel, crouch, crawl | Occasionally | Occasionally | Occasionally |

5

analysis of the subsequent medical evidence, and the ALJ's physical RFC is supported by substantial evidence in the record as a whole.[4]

*Third*, the Court will not disturb the ALJ's credibility determination. In finding Plaintiff's allegations not completely credible, the ALJ considered Plaintiff's reported limitations, the objective medical evidence,[5] the medical opinions of record, physician treatment notes, the effectiveness and side effects of Plaintiff's medication, precipitation and aggravating factors, Plaintiff's daily activities,[6] and Plaintiff's work history. The Court finds the ALJ recognized the appropriate analytic framework, considered the appropriate factors, and gave good reasons for discrediting the claimant's testimony. *See generally Tucker v. Barnhart*, 363

---

[4] Although Plaintiff claims her cervical spine condition worsened between late-2009 and mid-2013, x-rays of Plaintiff's cervical spine in December 2009, March 2011, and March 2012 all show mild to moderate disc space narrowing at C6-C7. *See* Exs. 5F/7F, 17F, 20F. Treatment notes indicate Plaintiff had less pain associated with her cervical neck as time progressed because she was taking stronger medications which were more effective to reduce her pain. The ALJ noted that Plaintiff's neck condition had improved with treatment. Tr. 18. As to Plaintiff's lumbar spine condition, MRI results show Plaintiff's condition was described as "early, very mild degenerative changes" in 2005 and "mild to moderate disc degeneration and spondylosis at L5-S1" in 2013. A 2012 x-ray of Plaintiff's lumbar spine diagnosed "marked L5-S1 degenerative disc disease. Ex. 25F. The ALJ acknowledged Plaintiff's worsening lumbar spine condition but noted that Plaintiff underwent a medial branch nerve block in January of 2013, which she testified was effective, and she did not thereafter return to the pain clinic. Tr. 19. The ALJ further noted that Plaintiff's daily activities, including carrying wood in April 2013, were inconsistent with her alleged disabling back limitations. Tr. 21. In sum, the Court finds the limitations adopted in the ALJ's RFC are supported by substantial evidence in the record as a whole.

[5] Plaintiff argues the objective medical evidence is useful in evaluating Plaintiff's symptoms of pain and she cites evidence of a limited range of motion of the cervical spine, positive straight leg raises, tenderness, and slightly diminished motor strength in her upper extremities. The Court notes that, while those objective tests are contained in the record, those examination results come from: (1) Dr. Zeimet's consultative examination report, wherein Dr. Zeimet interpreted those objective results to form functional limitations which were later adopted by the ALJ; and (2) a Mercy Spine Center examination where the physician's assistant noted only "discomfort" upon palpation of lumbosacral spine, "very discreet tenderness" over paraspinous region, and "mild discomfort" over sacroiliac joints. The Court finds these objective tests do not provide a basis to disturb the ALJ's credibility determination.

[6] Plaintiff argues the ALJ's reliance on Plaintiff's daily activities was misplaced because the ALJ failed to recite the limitations cited by Plaintiff in performing those activities – i.e. breaks to ease pain, assistance from husband, failure to finish tasks, etc. The Court finds that, to the extent the ALJ did not consider those limitations, he erred. However, even with those limitations, Plaintiff's daily activities appear inconsistent with the degree of limitation asserted by Plaintiff and, therefore, tend to reduce her credibility. For example, Plaintiff testified she can only lift five pounds but she can carry firewood; she alleges problems bending, stooping, and reaching, but she is still able to do laundry, sweep, and clean her home; she testified she has weakness in her hands and arms but is able to play with her grandchildren and grocery shop; she testified she has problems with memory and concentration but she is able to drive. *See generally Heino v. Astrue*, 578 F.3d 873, 881 (8th Cir. 2009) ("We have held that '[a]cts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility.'").

F.3d 781, 783 (8th Cir. 2004) ("The ALJ is not required to discuss each *Polaski* factor as long as the analytical framework is recognized and considered."). Accordingly, the Court will defer to the ALJ's judgment. *See Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014) ("Questions of credibility are for the ALJ in the first instance" and "[i]f an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment.").

## CONCLUSION

In sum, the Court finds the Commissioner's decision is supported by substantial evidence in the record as a whole. The Commissioner's denial of benefits is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

Dated: February 8, 2016

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**